IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV268-02-MU

GEORGE EDWARD HARRIS, )
    Petitioner, )
     )
    v. )           O R D E R
     )
THE STATE OF NORTH CAROLINA, )
    Respondent. )
_____)

**THIS MATTER** is before this Court upon the petitioner's Petition for a Writ of <u>Habeas Corpus</u> under 28 U.S.C. §2254, and on his Request to Proceed In Forma Pauperis, both filed June 8, 2005.

According to the Petition, in December 1986, the petitioner pled guilty to two counts of Second Degree Murder and six counts of Robbery with a Dangerous Weapon. Accordingly, on December 18, 1986, the Superior Court of Mecklenburg County conducted a Sentencing Hearing, at which time the Court reportedly sentenced the petitioner to a total term of Life plus 40 years imprisonment. The Petition further reflects that the petitioner did <u>not</u> directly appeal his convictions or sentences.

Instead, the petitioner let more than 15 years pass and then, at some undisclosed point in either late 2003 or early 2004, he filed a Petition for a Writ of Certiorari in the North Carolina Court of Appeals. After conducting a "limited hearing,"

that Petition was denied by Order of January 20, 2004. Next, the petitioner filed a "Motion to Withdraw Plea in the Superior Court of Mecklenburg County. However, that Motion also was denied in an Order filed March 22, 2004.

Next, after waiting about 15 months, on June 8, 2005, the petitioner filed the instant Petition under 28 U.S.C. §2254. By this Petition, the petitioner raises two specific claims concerning his case. First, the petitioner alleges that he was subjected to ineffective assistance of counsel in several instances. Second, the petitioner alleges that his convictions were obtained by virtue of his unlawfully induced, unintelligent and involuntary guilty pleas. Nevertheless, it appears to this Court that the instant Petition may not have been timely filed.

To be sure, the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") provides that Petitions such as the instant one be filed within the 1-year period after the underlying conviction and/or sentence has become final. Here, the petitioner's convictions and sentences were obtained and imposed in December 1986, and he did not appeal those matters. Thus, the petitioner's cases became final prior to the enactment of the AEDPA. Under relevant case law, then, the petitioner had 1-year from the AEDPA's enactment date, or up to and including April 24, 1997, in which to file the instant Petition. Inasmuch as the petitioner did not file this Petition within that time period, it

is apparent that the same may be subject to summary dismissal.

However, prior to early 2002, federal district courts routinely dismissed habeas corpus petitions which--like this one--appeared on their faces to be time-barred under the AEDPA. However, in January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). In Hill, the Court held that "when a federal habeas court, prior to trial, perceives a pro se §2254 petition to be untimely and the state has not filed a motion to dismiss based on the one-year limitations period, the [district] court must warn the prisoner that the case is subject to dismissal pursuant to §2244(d) absent a sufficient explanation . . . ." Consequently, the Court believes it still should give the petitioner an opportunity to demonstrate that the instant Petition was timely filed.

This Court now shall give the petitioner thirty (30) days in which to file a document explaining why this Petition for a Writ of Habeas Corpus should be construed as timely filed. In particular, the petitioner should advise the Court of the dates on which he filed his Certiorari Petition in the State Court of Appeals and his Motion to Withdraw Plea in the State Superior Court, along with any other matters which he believes could impact a determination of the timeliness of the instant federal Petition.

Finally, the Court has noted that the petitioner has filed a

3

Request to Proceed In Forma Pauperis with this action, but has failed to attach a certified copy of his inmate trust account statement or any other documentation to support his implicit representation that he cannot afford to pay the $5.00 filing fee. Accordingly, the petitioner's IFP Request must be **DENIED**.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Within thirty (30) days of the date of this Order, the petitioner shall file a document, explaining why the instant Petition for a Writ of <u>Habeas Corpus</u> should be construed as timely filed.

2. The petitioner's IFP Request is **DENIED**. Within the same thirty (30) day period, the petitioner shall remit the $5.00 filing fee. **FAILURE TO PAY THE $5.00 FILING FEE AS HEREIN DIRECTED COULD RESULT IN THE SUMMARY DISMISSAL OF THIS ACTION.**

3. The Clerk shall send a copy of this Order to the petitioner.

**SO ORDERED.**

Signed: June 20, 2005

Graham C. Mullen
Chief United States District Judge