```
            UNITED STATES DISTRICT COURT FOR THE
              WESTERN DISTRICT OF NORTH CAROLINA
                     CHARLOTTE DIVISION
                      3:05CV268-MU-02
```

**GEORGE EDWARD HARRIS,**    )
    Petitioner,    )
                                  )
        v.                      )          **O R D E R**
                                  )
**THE STATE OF NORTH CAROLINA,**  )
    Respondent.    )
_____)

**THIS MATTER** is before the Court on the petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. §2254, filed June 8, 2005; on his letter of response, received July 12, 2005; and on his filing captioned as a "Document Explaining Why Petition For Writ Of Habeas Corpus Should Be Construed As Timely Filed," filed July 25, 2005.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

The petitioner's Petition reflects that in December 1986--more than 18 years ago, he pled guilty to two counts of Second Degree Murder and six counts of Robbery with a Dangerous Weapon. Accordingly, on December 18, 1986, the Superior Court of Mecklenburg County conducted a Sentencing Hearing, at which time the petitioner received a total term of Life plus 40 years imprisonment.  The petitioner did <u>not</u> appeal his convictions or sentences.

Rather, the subject Petition reports that the petitioner let more than a decade pass until late 2003 or early 2004, when he

filed a Petition for a Writ of Certiorari in the North Carolina Court of Appeals. The State Court of Appeals reportedly conducted a "limited hearing," but ultimately denied the Petition on January 20, 2004. The Petition indicates that the petitioner then filed a "Motion To Withdraw Plea" in the Superior Court of Mecklenburg County. Not surprisingly, however, that Motion was denied on March 22, 2004.

Thereafter, on June 8, 2005, the petitioner filed the instant federal Petition, arguing that he was subjected to ineffective assistance of counsel back in 1986; and that his convictions were obtained by virtue of his unlawfully induced and unintelligent pleas. Thus, after initially reviewing the petitioner's Petition, on June 20, 2005, the Court entered an Order advising him that it appeared that such Petition was time-barred. That is, the Court's Order explained to the petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), he had one year from the time that his cases became final in which to file the subject petition. Therefore, the Court informed the petitioner that his petition was subject to summary dismissal.

Nevertheless, the Court further advised the petitioner, consistent with the ruling in Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), that he had an obligation to file a document explaining why his Petition should be construed as timely filed.

To that end, on July 12, 2005, the petitioner filed a letter

of response with the Court. Such letter, explained certain unrelated background matters, but also advised that over the numerous years during which the petitioner's case essentially sat idle, he had been attempting to obtain assistance with his post-conviction efforts from various agencies. However, the petitioner explained that all such attempts had been unsuccessful.

In addition to that letter, on July 25, 2005, the petitioner's Document of explanation was filed. There, the petitioner took a more formal approach to the Court's <u>Hill</u> Order, ultimately asserting that although he did not directly appeal his case, his 1-year limitations clock set forth under the AEDPA should not be construed as having started until February 3, 2005--that is, at time of the State court's "last . . . affirma[tion] of his conviction[s] and sentence[s] was documented . . . ." However, inasmuch as it is clear that the petitioner's convictions and sentences became final long before February 3, 2005, and he has not demonstrated that the instant Petition was timely filed, such Petition must be <u>dismissed</u> as time-barred.

## II. **ANALYSIS**

Indeed, in April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act, effectively amending 28 U.S.C. §2254 by adding the following language:

A 1-year period of limitation shall apply to an application for a writ of <u>habeas corpus</u> by a person in custody pursuant to the

3

judgment of a State court.  The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:
>
> (B) the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In this case, the record reflects that the petitioner did <u>not</u> seek direct review of his December 18, 1986 convictions and sentences; therefore, his two cases became final on or about January 8, 1987--that is, at the expiration of the brief period during which the petitioner could have filed his notices of appeal in State court.  However, since those matters became final prior to the time that the AEDPA was enacted, under relevant case law, the

petitioner's one-year limitations period did not begin to run until the AEDPA's enactment date on April 24, 1996, thus expiring on April 24, 1997.  See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000) (noting that the one-year limitation period for pre-AEDPA cases begins on April 24, 1996) ; Brown v. Angelone, 150 F.3d 370, 375 (4th Cir. 1998) (same); and Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000) (noting that absent tolling, the one-year period expires on April 24, 1997).

Based upon the foregoing calculations, then, the petitioner had up to and including April 24, 1997 in which to file his federal habeas petition.  Suffice it to say, however, such petition was not filed by that deadline.

Furthermore, while the petitioner's Response reflects that he filed several post-convictions pleadings in State court, such matters are of little consequence under the circumstances of this case.  Indeed, according to the petitioner's Document of explanation, he did not even initiate his pursuit of collateral review for his convictions and sentences until July 9, 2002 when he filed a Motion for Appropriate Relief.  Therefore, by the petitioner's own report, his pursuit of collateral review did not commence until more than five years after, his one year limitation period already had expired.

Thus, given the timing of the petitioner's initiation of collateral review, neither his July 2002 MAR nor any of his

5

subsequent filings can be used to somehow revive the limitations period which had long before expired. To be sure, even if this Court were to exclude from its calculations the brief 2 ½ year period during which the petitioner was seeking collateral review, the Court still would have to conclude that this petition was filed more than 5 ½ years beyond the 1997 limitations deadline.

### III. <u>CONCLUSION</u>

The AEDPA requires, among other things, that Petitions for <u>Habeas Corpus</u> relief under 28 U.S.C. §2254 be brought within one year of the time that the underlying State court conviction and sentence became final. Because the record here fails to establish the timeliness of the petitioner's Petition, the same must be <u>dismissed</u>.

### IV. <u>ORDER</u>

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the petitioner's Petition for Writ of <u>Habeas Corpus</u> under 28 U.S.C. §2254 is **DISMISSED.**

**SO ORDERED.**

**Signed: August 11, 2005**

Graham C. Mullen
Chief United States District Judge